[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 05-10690
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 30, 2005
THOMAS K. KAHN
CLERK

D. C. Docket No. 04-80114-CR-DMM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BENJAMIN H. MCCALLUM,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(September 30, 2005)**

Before TJOFLAT, DUBINA and CARNES, Circuit Judges.

PER CURIAM:

Benjamin H. McCallum was sentenced to 51 months imprisonment for bank

robbery and attempted bank robbery, both in violation of 18 U.S.C. § 2113(a). On appeal, McCallum contends that the district court committed clear error under United States v. Booker, 543 U.S. ____, 125 S. Ct. 738 (2005), by sentencing him under the mandatory scheme of the sentencing guidelines.

Notwithstanding his assertions to the contrary, McCallum failed to preserve his Booker claim for appeal. The record indicates that the district court solicited objections to the sentence imposed and that McCallum stated that he did not have any objections. Furthermore, during the plea hearing, the court recognized there was "a lot of uncertainty" concerning the constitutionality of the sentencing guidelines. The court asked McCallum whether his attorney had tried to explain the circumstances to him and McCallum replied that he had. Despite virtually being prompted, McCallum did not object to the constitutionality of his guideline sentence. Instead, seven days later he filed a Fed. R. Crim. P. 35(a) motion to correct sentence. McCallum now contends that his Rule 35(a) motion preserved the error for appeal and that he is entitled to re-sentencing. Rule 35(a) motions are reserved for "arithmetical, technical, or other clear error." See Fed. R. Crim. P. 35(a). Since Booker error does not fall into any of these categories, McCallum's claim was not preserved.

McCallum does not contend that he is entitled to re-sentencing under the

2

plain error standard that actually applies to cases of unpreserved error, such as this one, see United States v. Rodriguez, 398 F.3d 1291, 1298 (11th Cir. 2005), cert. denied, 125 S. Ct. 2935 (2005), and we can understand the absence of this argument. McCallum cannot meet the third prong of the plain error standard, because he cannot show a reasonable probability of a different result if he had been sentenced under an advisory regime. See id. at 1299-1300. In any event, McCallum does not argue that. For these reasons, we affirm his sentence.

**AFFIRMED.**